Case 17-10378-TPA    Doc 108    Filed 04/12/18    Entered 04/12/18 11:14:42    Desc Main
Document      Page 1 of 2

FILED
4/12/18 11:07 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## CONCILIATION CONFERENCE MINUTES

### *Conciliation Conference:*

Debtor: Russell D. and Lori A. Bromley
Case Number: 17-10378          Chapter: 13
Date / Time / Room: April 10, 2018 at 10:00 a.m., Bankruptcy Courtroom
Hearing Officer: CHAPTER 13 TRUSTEE

### *Matter:*    #91 - Amended Plan dated 2/12/18 (NFC)

*Approved*
*Workers Comp settlement*
*funded Lump Sum payment.*

### *Appearances:*

Debtor: Herman
Trustee: Winnecour / Katz / Pail
Creditor:

### *Proceedings:*

**CONFIRMATION ORDER TO BE ENTERED**

Recommended Outcome:

1. _____ Case Converted to Chapter 7
2. _____ Case Converted to Chapter 11
3. _____ Case Dismissed without Prejudice
4. _____ Case Dismissed with Prejudice
5. _____ Debtor is to inform Court within _____ days their preference to Convert or Dismiss
6. _____ The plan payment/term is increased/extended to _____, effective _____.
7. _____ Plan/Motion continued to _____ at _____.
8. _____ An Amended Plan is to be served on all creditors and certificate of service filed by _____
   Objections are due on or before _____.
   A hearing on the Amended Plan is set for _____ at _____.

9. _____ Other:

### *For Judge Agresti cases:*
Student Loan Debt: If the pro rata or timing of the proposed plan payment on student loan debt differs in any respect to that of the unsecured debt in the case, describe such differences and reasons for disparate treatment:_____

*108*

BROMLEY                          Case No. 17-10378          TPA
Debtor(s)

Chapter 13 Plan dated   2/12/18          Issued per the **4-10-2018** Proceeding

                                          Next Hearing Date:_____
                                                              & time:

☐ No Changes

☐   A.   For the remainder of the Plan term, the Plan payment is amended to be $_____ as of _____. Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

☐   B.   The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐   C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees.

☐   D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under 11 U.S.C. §506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. §507, and all objections to claims.

☐   E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the plan.

☐   F.   _____ shall be paid monthly payments of $_____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the <u>fifth</u> distribution level.

☐   G.   Fee application needed if fees (including retainer) exceed $2,000/$2,500.

☒   H.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the debtor(s) successfully objects to the claim:

Ally Financial (cl #2)

☐   I.   Additional Terms:

☐   **CASE TO BE DISMISSED**